# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ANN W. EASLEY BRYANT,

    Plaintiff,

v.                                                                                            CV No. 21-367 CG

BRENT J. BEARDALL,

    Defendant.

## ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND TO FILE AMENDED COMPLAINT

**THIS MATTER** is before the Court on Plaintiff's *pro se Complaint for a Civil Case* (the "Complaint"), (Doc. 1); and Plaintiff's *Application to Proceed in District Court Without Prepaying Fees or Costs*, (Doc. 3), both filed on April 21, 2021.

**Application to Proceed *in forma pauperis***

The statute for proceeding *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed. Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs

. . . ." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Plaintiff provided the following information: (i) her monthly income is $442.00; (ii) her monthly expenses total $429.00; (iii) Plaintiff has $85.00 in cash or in a bank account; and (iv) she has $800.00 in debts. As such, the Court finds that Plaintiff is unable to pay the costs of this proceeding because her monthly expenses exceed her low monthly income. The Court will therefore grant Plaintiff's *Application to Proceed in District Court Without Prepaying Fees or Costs*, (Doc. 3).

**The Complaint**

Plaintiff, who deposited funds in a savings account with Washington Federal Bank ("Bank"), alleges that Bank employees made unauthorized withdrawals of $100,000 from Plaintiff's savings account. *See* (Doc. 1 at 5-6). Plaintiff claims that Defendant Beardall, as former Chief Financial Officer of the Bank, is liable through *respondeat superior* for the converted funds due to his lack of supervision of the Bank employees who converted the funds. *Id.* at 6-7.

The Complaint fails to state a claim upon which relief can be granted because it seeks to hold Defendant Beardall liable for the intentional torts of the Bank's employees.

> Under basic respondeat superior principles, an employer is liable for an employee's torts committed within the scope of his or her employment. . . . [A]n employer is not generally liable for an employee's intentional torts because an employee who intentionally injures another individual is generally considered to be acting outside the scope of his or her employment.

*Spurlock v. Townes*, 2016-NMSC-014, ¶ 13, 368 P.3d 1213, 1216.

**Dismissal of Proceedings *In Forma Pauperis***

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim . . . only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend. Therefore, the Court will grant Plaintiff leave to file an amended complaint.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). However, the Court will not order service of Summons and Complaint on Defendant at this time because the Complaint fails to state a claim on which relief can be granted. The Court will order service if Plaintiff files: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides Defendant's address.

**IT IS THEREFORE ORDERED** that:

(i) Plaintiff's *Application to Proceed in District Court Without Prepaying Fees or Costs*, (Doc. 3), filed April 21, 2021, is **GRANTED.**

(ii) Plaintiff may file an amended complaint **by June 8, 2021**. Failure to timely file an amended complaint may result in dismissal of the case.

**IT IS SO ORDERED.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE