## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ANN W. EASLEY BRYANT,

      Plaintiff,

v.                                      No. 2:21-cv-00367-MV-CG

BRENT J. BEARDALL,

      Defendant.

## **MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Amended Complaint for a Civil Case, Doc. 5, filed June 8, 2021 ("Amended Complaint").

Plaintiff, who deposited funds in a savings account with Washington Federal Bank ("Bank"), alleges in her original Complaint that Bank employees made unauthorized withdrawals of $100,000 from Plaintiff's savings account. Complaint at 5, Doc. 1, filed April 21, 2021. Plaintiff claims that Defendant Beardall, as former Chief Financial Officer of the Bank, is liable through respondeat superior for the converted funds due to his lack of supervision of the Bank employees who converted the funds. *See* Complaint at 5.

Chief United States Magistrate Judge Carmen E. Garza notified Plaintiff that the Complaint failed to state a claim upon which relief can be granted because it seeks to hold Defendant Beardall liable for the intentional torts of the Bank's employees, stating:

> Under basic respondeat superior principles, an employer is liable for an employee's torts committed within the scope of his or her employment. . . . [A]n employer is not generally liable for an employe's intentional torts because an employee who intentionally injures another individual is generally considered to be acting outside the scope of his or her employment. *Spurlock v. Townes*, 2016-NMSC-014, ¶ 13, 368 P.3d 1213, 1216.

Order, Doc. 4, filed May 18, 2021. Judge Garza granted Plaintiff leave to file an amended complaint. Thereafter, on June 8, 2021, Plaintiff filed her Amended Complaint. Doc. 5.

The Court dismisses this case without prejudice because the Amended Complaint fails to state a claim. The Amended Complaint makes the conclusory allegation that Defendant conspired with the bank employees to convert her funds, stating that Defendant "was aware of, in accord with and in conspiracy with certain employees . . . to convert assets." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"). To state a claim for civil conspiracy, Plaintiff must allege: "(1) that a conspiracy between two or more individuals existed[,] (2) that specific wrongful acts were carried out by [Defendants] pursuant to the conspiracy[,] and (3) that [Plaintiff was] damaged as a result of such acts." *Cain v. Champion Window Co. of Albuquerque, LLC*, 2007-NMCA-085 ¶ 28; *Santa Fe Tech., Inc. v. Argus Networks, Inc.*, 2002-NMCA-030 ¶ 43 ("Civil conspiracy is an agreement to accomplish an unlawful purpose or a lawful purpose by unlawful means."). The Amended Complaint does not allege any facts showing that there was "an agreement to accomplish an unlawful purpose."

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**