IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANN W. EASLEY BRYANT,

    Plaintiff,

v.                                                                                   No. 2:21-cv-00367-MV-CG

BRENT J. BEARDALL,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO SET ASIDE RULING**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motion to Set Aside Ruling, Doc. 9, filed July 27, 2021 ("Motion").

Plaintiff Ann W. Easley Bryant, who deposited funds in a savings account with Washington Federal Bank ("Bank"), alleges in her original Complaint that Bank employees made unauthorized withdrawals of $100,000 from Plaintiff's savings account. Doc. 1 at 5. Plaintiff claimed that Defendant Brent J. Beardall, as former Chief Financial Officer of the Bank, is liable through respondeat superior for the converted funds due to his lack of supervision of the Bank employees who converted the funds. *Id.* at 5.

Chief United States Magistrate Judge Carmen E. Garza notified Plaintiff that the Complaint failed to state a claim upon which relief can be granted because it seeks to hold Defendant liable for the intentional torts of the Bank's employees. *See* Doc. 4. Judge Garza granted Plaintiff leave to file an amended complaint. Plaintiff filed an Amended Complaint, which asserted a civil conspiracy claim against Defendant. *See* Doc. 5.

The Court dismissed this case without prejudice because the Amended Complaint failed to state a claim. *See* Doc. 7. Specifically, the Court stated:

> The Court dismisses this case without prejudice because the Amended Complaint fails to state a claim. The Amended Complaint makes the conclusory allegation that Defendant conspired with the bank employees to convert her funds, stating that Defendant "was aware of, in accord with and in conspiracy with certain employees . . . to convert assets." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"). To state a claim for civil conspiracy, Plaintiff must allege: "(1) that a conspiracy between two or more individuals existed[,] (2) that specific wrongful acts were carried out by [Defendants] pursuant to the conspiracy[,] and (3) that [Plaintiff was] damaged as a result of such acts." *Cain v. Champion Window Co. of Albuquerque, LLC*, 2007-NMCA-085 ¶ 28; *Santa Fe Tech., Inc. v. Argus Networks, Inc.*, 2002-NMCA-030 ¶ 43 ("Civil conspiracy is an agreement to accomplish an unlawful purpose or a lawful purpose by unlawful means."). The Amended Complaint does not allege any facts showing that there was "an agreement to accomplish an unlawful purpose."

*Id.* at 2.

Plaintiff now moves to set aside the dismissal of this case, stating that she did not include factual allegations in her Amended Complaint because the instructions on the complaint form state "write a short and plain statement of the claim," which she understood as meaning that she should "not include evidence or exhibits to support or prove" her claims. Doc. 9 at 2. Along with her Motion, Plaintiff filed a Second Amended Complaint ("SAC"), which "include[s] averments to the claims included in the Complaint." Doc. 10.

The Court denies Plaintiff's Motion because Plaintiff's SAC also fails to state a claim against Defendant. The SAC conclusorily alleges that Defendant: (i) "is guilty of Conversion by Conspiracy;" (ii) "allowed Washington Federal Bank employees, who conspired with him, to bypass key controls;" and (iii) "was aware of, in accord with and in conspiracy with certain [Bank] employees to convert assets." *Id.* at 6. The SAC asks, "how could [Defendant] NOT know of all the dishonest transactions done to the Plaintiff's accounts?" but does not include any factual allegations showing that there was an agreement between Defendant and the bank employees to convert funds from her account. The allegations in the SAC thus suffer the same fatal flaws as did

those in her initial complaint, and for that reason, provide no basis for the Court to set aside its ruling dismissing this action.

    **IT IS ORDERED** that Plaintiff's Motion to Set Aside Ruling [Doc. 9] is **DENIED.**

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**